**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELVIN HESTER, | : | |
| | : | Civil Action No. 14-4241 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Melvin Hester, for relief under 28 U.S.C. § 2254. Petitioner has declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. At this time, the Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and it appearing:

1. The Petition states that on May 5, 2005, Petitioner was convicted in a jury trial of sexual assault, endangering the welfare of a child, and other related crimes. (ECF No. 1 at 2.) Petitioner was sentenced on June 29, 2005. (*Id.*) The Petition contains very little information concerning the procedural history of the case after conviction, other than the date that the New Jersey Supreme Court denied a petition for certification, (*id.* at 3), but the Court is unclear what the denial was for.

2. After some research, the Court was able to unearth the state appellate court's opinion in affirming the denial of Petitioner's post-conviction relief ("PCR") application. *See State v. Hester*, Indictment No. 04-05-0518, 2013 WL 5853367 (N.J. Super. Ct. App. Div. Nov. 1, 2013). According to the appellate court, Petitioner did not file a direct appeal after the conviction, and filed a *pro se* PCR notice on March 26, 2007. *Id.* at *1.

3. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

4. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

5. So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

6. "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

7. Here, because Petitioner did not file a direct appeal, his judgment became final at the expiration of time to seek an appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). State rules require that an appeal be filed within 45 days, *see* N.J. Ct. R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). Since Petitioner was sentenced on June 29, 2005, his judgment became final on August 13, 2005, when his one-year limitations period for a federal habeas petition began to run. While Petitioner would be entitled to statutory tolling for any pending PCR application filed before the limitations period expired, he did not file his PCR

application until March 26, 2007, after the one-year limitations period expired. As such, he is entitled to no statutory tolling. Furthermore, Petitioner makes no equitable tolling arguments in the Petition itself, so the Petition appears to be time-barred.

8. In the interest of justice, the Court will allow Petitioner an opportunity to show why the Petition should not be time-barred. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why Petitioner is entitled to equitable tolling. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

**IT IS** therefore on this 24 day of October, 2016,

**ORDERED** that Petitioner shall, within thirty (30) days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred, see *Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); failure to timely respond to this Order will result in the dismissal of the Petition with prejudice as time-barred; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

Claire C. Cecchi
United States District Judge