# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MELVIN HESTER,

    Petitioner,

v.

STATE OF NEW JERSEY, et al.,

    Respondents.

Civil Action No. 14-4241 (CCC)

**MEMORANDUM OPINION**

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Melvin Hester, for relief under 28 U.S.C. § 2254. The Court previously conducted its screening on the Petition and issued a show-cause order, directing Petitioner to respond as to why the Petition should not be dismissed as time-barred. (ECF No. 8.) Presently before the Court is Petitioner's response to that order. (ECF No. 9.) It appearing:

1. As the Court found in its previous order, Petitioner was sentenced in state court on June 29, 2005. (ECF No. 8 at 1.) He did not appeal his conviction and sentence. (*Id.*) Thereafter, he filed an application for post-conviction relief ("PCR") on March 26, 2007. (*Id.*) Because of this almost two-year gap between his sentence and the filing of his PCR application, the Court held that the Petition appears untimely absent any argument for equitable tolling. (*Id.* at 4.)

2. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his

rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted).

3. "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

4. "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

5. In his response, Petitioner raises two arguments for equitable tolling. First, he argues that equitable tolling is warranted because his trial counsel failed to file a direct appeal of his conviction and sentence. Had the appeal been filed, he would not have been required to file a PCR application

2

as early as August of 2006. (*See* ECF No. 8 at 3.) However, he also concedes in his response that he learned about the PCR process in November of 2005, more than a year before he actually filed his PCR application. (ECF No. 9 at 6.) As such, even if the Court is inclined to give him some kind of equitable tolling for his counsel's failure to file a direct appeal, that extraordinary circumstance ended in November of 2005, when Petitioner learned of his right to file a PCR application and challenge his trial counsel's ineffective assistance.[1] Because the PCR application was filed more than a year after this alleged extraordinary circumstance ended, the Petition is still untimely.

6. Petitioner's second argument for equitable tolling appears to be a general assertion that he was denied access to the prison law library during his entire period of incarceration. However, he does not explain why this lack of access to the prison law library *prevented* him from filing his PCR application promptly. Petitioner attaches voluminous grievance forms to his response as proof of the denial to the law library, but the Court has carefully reviewed them all, and none of the grievance forms explains his lateness in filing the PCR application—all grievance forms attached were filed in 2015 and 2016, which are completely irrelevant to his argument that he was denied library access more than ten years ago. Indeed, despite the alleged denial of access, Petitioner again concedes that he was able to become a paralegal in 2007 while in prison. (*Id.* at 20.) The Court fails to see how the denial of access was so great as to *prevent* him from filing a PCR application, yet allowed him to become a paralegal during the same time period. In sum, there is no support that any alleged denial of library access caused him to file his PCR application

---

[1] Petitioner, in fact, did raise an ineffective assistance of counsel claim in his PCR proceeding regarding the failure of his counsel to file a direct appeal. *State v. Hester*, Indictment No. 04-05-0518, 2013 WL 5853367, at *4 (N.J. Super. Ct. App. Div. Nov. 1, 2013). State court rejected his claim due to a lack of evidence supporting his claim. *Id.*

more than a year after his judgment became final, so the Court rejects his argument for equitable tolling on this ground.

7. Having rejected all of his arguments for equitable tolling, the Court now finds that the Petition is time-barred, and dismisses the Petition.

8. Finally, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

Date: September 28, 2017

_____
Claire C. Cecchi
United States District Judge

4